[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14286
Non-Argument Calendar

_____

Agency No. A75-435-632

VAHAMA EBERHEART,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 8, 2009)**

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Vahama Eberheart, a native and citizen of Jamaica, appeals the BIA's decision affirming the IJ's removal order. She contends that removal should not have been ordered while she still had another, separate appeal of the denial of her spousal visa petition pending before the BIA. She argues that the IJ erroneously found that the other appeal was not pending.

## I.

Vahama Eberheart entered the United States as a visitor in 1993. She was authorized to remain here until January 4, 1994 but stayed on without authorization from the Immigration and Naturalization Service.[1] On March 10, 1997, she married Marvin Eberheart, a United States citizen, and in May 1997 Mr. Eberheart filed an I-130 spousal visa petition for her with the INS. Ms. Eberheart filed an I-485 application to adjust her status to that of permanent resident of the United States. In November of that same year, she filed an I-360 application to adjust her status to self-petitioning spouse of an abusive United States citizen. Later that month she and Mr. Eberheart failed to appear at a scheduled marriage

---

[1] The INS is now reorganized as part of the United States Department of Homeland Security, see 8 C.F.R. § 1.1(c), but for convenience this opinion refers to it by its former name except when context dictates otherwise.

2

interview before the INS.  Two days after their failure to appear, she asked the INS to withdraw her I-485 application.

On July 2, 1998, the Eberhearts divorced.  Also in 1998, the INS denied her spousal visa petition.  The denial was based on the fact that on February 10, March 3, and March 26 of 1997, Mr. Eberheart had filed I-130 spousal visa petitions on behalf of three other women.  Therefore, the INS concluded that Ms. Eberheart married Mr. Eberheart "for the purpose of procuring [her] admission as an immigrant and to circumvent the immigration laws of the United States."  Her marriage to Mr. Eberheart was found to be a "sham."  She did not appeal that 1998 decision. The INS served her with a notice to appear and began removal proceedings.

In April 1999, after removal proceedings already had begun, a United States citizen named Kenneth Seabrook filed another I-130 spousal visa petition on Ms. Eberheart's behalf, and the next month the INS approved the application.   In January of 2000, however, the INS notified Seabrook that it intended to revoke approval of the spousal visa petition because Ms. Eberheart's marriage to her prior husband, Marvin Eberheart, had been a sham.  The notice stated:  "The fact that Mr. Eberhardt [sic] filed four (4) spousal visa petitions for four (4) different ladies, including the beneficiary, within weeks from each other is overwhelmingly

persuasive on this point; no evidence has been produced which would contradict this conclusion." On May 18, 2000, the INS revoked its approval of the spousal visa application filed by Mr. Seabrook for Ms. Eberheart because she had entered a sham marriage with her former spouse, Marvin Eberheart.

On June 29, 2000, Ms. Eberheart appealed to the BIA the INS' decision. In her notice of appeal, Eberheart admitted that she had never appealed the INS' September 23, 1998 decision, which had declared her marriage to Eberheart a sham and had denied her first application. Her notice of appeal of the 2000 INS decision stated that it was "obvious" that she would not have appealed that 1998 decision because her sham marriage to Eberheart was "void." The gist of her argument was that the earlier marriage should not count against her for immigration purposes. Despite her admission that she did not appeal the 1998 decision, she asserted that "no judicial body" had determined that she had violated section 204(c).[2]

---

[2] Section 204(c) provides that if a marriage has been entered for the purpose of evading immigration laws, no spousal visa petition will be granted. See 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.").

## II.

After that notice of appeal was filed, the IJ continued Ms. Eberheart's removal proceedings several times so that the parties could investigate and resolve the matter of Seabrook's I-130 spousal visa petition. Finally, in a hearing before the IJ on February 20, 2007, the parties agreed that there was no record of any appeal of the denial of that visa petition. Counsel for Ms. Eberheart stated that no other form of relief was pending.[3] The IJ found that there was no record of the appeal and therefore no evidence of a timely appeal. Based on that finding, the IJ denied Ms. Eberheart's request for adjustment of her immigration status and ordered her removal.

The BIA found that the record was "somewhat equivocal" about whether Ms. Eberheart had properly filed (or filed at all) an appeal from the INS' decisions denying her various visa petitions.[4] Regardless of that ambiguity in the record,

---

[3] To establish entitlement to adjustment of status, Ms. Eberheart had to show that: (1) she had applied for an adjustment of status; (2) she was eligible to receive an immigrant visa and was admissible to the United States for permanent residence; and (3) an immigrant visa was immediately available to her at the time her application was filed. See 8 U.S.C. § 1255(a).

[4] The record contains a document from the BIA dated October 21, 2005, which states that there is "No Record of Case Pending" for Ms. Eberheart. Then, over six years after the 2000 notice of appeal was filed, Ms. Eberheart's counsel sent a letter dated January 29, 2007 to the Department of Homeland Security (formerly the INS) to inquire about the status of the case. That letter stated that Ms. Eberheart was currently "before an Immigration Judge and it has been over seven years that her case has still been pending for adjudication." A form from the Department of Homeland Security dated February 2, 2007 stated: "The status of your case is . . . NO RECORD at the Administrative Appeals Office."

however, the BIA concluded that visa petition proceedings are "separate and apart" from removal proceedings and that the IJ had no jurisdiction to decide an appeal from an INS decision denying a visa petition. Because Ms. Eberheart had no approved visa petition, the IJ could not adjust her immigration status. There was no other basis for withholding removal. Therefore, the BIA determined that the IJ's removal order was proper, and it dismissed her appeal of the IJ's decision. Ms. Eberheart now appeals that decision.

**III.**

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA expressly adopted the IJ's reasoning regarding Eberheart's claim, we review the IJ's decision as well as the additional findings made by the BIA. See id. To the extent that the BIA's decision was based on a legal determination, our review is de novo. Delgado v. United States Att'y Gen., 487 F.3d 855, 860 (11th Cir. 2007). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and

6

probative evidence on the record considered as a whole." Sanchez-Jimenez v. United States Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007).

Ms. Eberheart contends that the IJ should not have ordered her removal because she still had a pending appeal of the May 18, 2000 INS decision denying her application to adjust her immigration status based on her marriage to Seabrook. She argues that because the BIA and the IJ were wrong in finding that no appeal was pending, the record compels reversal. See Yang v. United States Att'y Gen., 494 F.3d 1311, 1316 (11th Cir. 2007) ("The BIA's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise.") (quotation marks omitted). She also asserts that there is no evidence that she did anything to evade the immigration laws. According to Ms. Eberheart, the record simply shows that her ex-husband, Mr. Eberheart, had entered into bigamous marriages and that he had filed multiple I-130 spousal applications for those wives before he filed one for her. In other words, she argues that he may have been a bigamist who filed multiple spousal visa petitions, but there was no proof that she tried to evade the immigration laws.

In its 1998 decision, which Ms. Eberheart did not appeal, the INS determined that her marriage to Mr. Eberheart was a sham designed to evade the immigration laws. Once it is determined that a marriage—including a prior

marriage—has been entered for the purpose of evading immigration laws, no spousal visa petition will be granted. See 8 U.S.C. § 1154(c) (providing that "no petition shall be approved if . . . the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."); Matter of Kahy, 19 I. & N. Dec. 803 (BIA 1998) ("Even if his current marriage is unquestionably bona fide, however, the visa petition cannot be approved if the beneficiary sought to be accorded nonquota status based on a prior fraudulent marriage."); see also Morgan v. Gonzales, 445 F.3d 549, 552 (2d Cir. 2006) ("Despite [petitioner's] argument to the contrary, he had no right to the adjudication of a second I-130 petition stemming from a marriage that had already been determined to lack bona fides."). The finding by the INS that Ms. Eberheart's prior marriage was a sham was the basis for the INS' later denial of Seabrook's spousal visa petition.

Ms. Eberheart had over seven years to clear up her visa petition proceedings with the INS, and during that time the immigration court granted multiple continuances. She does not contend that the IJ should have given her yet another one. Cf. Zafar v. United States Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006) (holding that there was no abuse of discretion in the IJs' denial of petitioners' motions for continuances to await decisions on their pending requests for labor certifications). Instead, she argues that the IJ should not have ordered her removal

8

while she had pending before the BIA a seven-year-old appeal of the INS' denial of her second petition for a spousal visa. Because she never appealed the INS' initial decision that her marriage to Mr. Eberheart was a sham, her second spousal visa petition had little, if any, hope of success.

The record supports the BIA's finding that Ms. Eberheart failed to show that she had an approved visa petition. Because she did not make that showing, she was not entitled to adjustment of immigration status. See 8 U.S.C. § 1255(a) (providing that among other requirements an alien must show that an immigrant visa was immediately available to her at the time her application for adjustment of status was filed); Zafar, 461 F.3d 1363–64. It is unclear from the record what happened to Ms. Eberheart's 2000 appeal to the BIA, although she did submit evidence showing that the notice of appeal was filed. Regardless of the pendency of that appeal, however, Ms. Eberheart established at best only the speculative possibility that, at some point in the future, her second I-130 spousal visa application (filed by Seabrook) might be approved and that she might receive adjustment of status. See Zafar, 461 F.3d 1363–64 ("All petitioners offered the IJs was the speculative possibility that at some point in the future they might have received . . . approved labor certifications from the DOL. . . ."). The BIA

correctly concluded that no relief from removal was available to Ms. Eberheart on that basis of any pending appeal of the denial of a spousal visa petition.

**PETITION DENIED**.